**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| MONTANA MERCHANDISING, INC., d/b/a MONTANA MILLING, INC., HINEBAUCH GRAIN, INC., and OCC-O'CONNOR CROPS AND CATTLE, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> DAVE'S KILLER BREAD, INC., GLENN DAHL, Individually and as Trustee of Glenn Dahl Family Trust, DAVID J. DAHL, Individually and as Trustee of the David Dahl Family Trust, SHOBI L. DAHL, Individually and as Trustee of the Shobi L. Dahl Family Trust, FLOWERS FOODS, INC., and GOODE PARTNERS, LLC, <br><br> Defendants. | **CV 17-26-GF-BMM** <br><br><br><br><br><br><br><br> **ORDER ON DKB/FLOWERS MOTION TO STRIKE** |

Defendants Dave's Killer Bread, Inc. ("DKB") and Flowers Foods, Inc.

("Flowers") move this Court to strike Plaintiffs' Motion to Take Appropriate

1

Disciplinary Action (Doc. 42) ("MMI's Motion") and vacate the June 8, 2017 hearing on MMI's Motion before United States Magistrate Judge John Johnston. (Doc. 71.)

## I. BACKGROUND

Plaintiffs Montana Merchandising, Inc. ("MMI"), Hinebauch Grain, Inc. ("Hinebauch"), and OCC-O'Connor Crops and Cattle, LLC ("OCC") previously moved this Court for an order to take appropriate disciplinary action against Annamarie Daley and Ian McIntosh, counsel for DKB and Flowers. (Doc. 42.) Plaintiffs allege legal and professional violations against Daley and McIntosh. Plaintiffs allege that Daley and McIntosh "unreasonably and vexatiously" multiplied the legal proceedings. (Doc. 73 at 1.)

Defendants allege that MMI's motion fails to comply with the procedures set forth in Appendix B of the United States District Court for the District of Montana's Local Rules of Procedure which governs attorney discipline in Montana Federal District Courts. Defendants argue that only the Disciplinary Judge (the Chief Judge or another district judge designated by the Chief Judge) has the authority to decide disciplinary matters. Absent such an assignment, Defendants argue that neither the undersigned, nor Judge Johnston possesses the authority to consider, hear, or decide MMI's Motion. (Doc. 71 at 2.)

2

## II. DISCUSSION

As discussed in Plaintiffs' response brief (Doc. 73), Judge Lovell recently addressed a similar issue in *Redding v. Prosight Specialty Management Co., Inc.,* CV 12-98-H-CCL, June 2015. Judge Lovell noted that this Court possesses inherent power to assess fees against a party and/or an attorney when either has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991). The Court, under its inherent power to police itself, may impose sanctions when it "specifically finds bad faith or conduct tantamount to bad faith. Sanctions are available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001).

The Court also may impose sanctions against an attorney who "multiplies the proceedings in any case unreasonably and vexatiously [so that the attorney] may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

Appendix B of the Local Rules "does not limit any inherent power of the court . . . and does not preclude or condition imposition of sanctions for violation of professional standards or an order, rule, or other law." L.R. Appendix B(1)(B).

This Court possesses the inherent authority and specific authority under 28 U.S.C. § 1927, to decide the Plaintiffs' motion.

### III. ORDER

Accordingly, IT IS ORDERED that Defendants' motion to strike Plaintiffs' Motion to Take Appropriate Disciplinary Action and vacate the June 8, 2017 hearing (Doc. 71.) is DENIED. The motion remains referred to Judge Johnston. (*See* Doc. 54.)

DATED this 5th day of June, 2017.

*/s/ Brian Morris*
Brian Morris
United States District Court Judge