**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| MONTANA MERCHANDISING, INC., d/b/a MONTANA MILLING, INC., HINEBAUCH GRAIN, INC., and OCC-O'CONNOR CROPS AND CATTLE, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVE'S KILLER BREAD, INC., GLENN DAHL, Individually and as Trustee of Glenn Dahl Family Trust, DAVID J. DAHL, Individually and as Trustee of the David Dahl Family Trust, SHOBI L. DAHL, Individually and as Trustee of the Shobi L. Dahl Family Trust, FLOWERS FOODS, INC., and GOODE PARTNERS, LLC,<br><br>Defendants. | CV 17-26-GF-BMM<br><br><br><br><br><br><br><br>**ORDER ON MMI's MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNT I OF AMENDED COMPLAINT** |

Plaintiff Montana Merchandising, Inc. ("MMI") moves this Court for partial summary judgment in its favor against Defendants Dave's Killer Bread, Inc. ("DKB") and Flowers Foods, Inc. ("Flowers") on Count I of its First Amended Complaint. (Doc. 32.)

1

## I. BACKGROUND

MMI and DKB entered into two contracts in January 2014 for the crop years 2014/2015, 2015/2016, and 2016/2017: the "Organic Hard Red Wheat Contract, Procurement, and Cleaning Agreement" ("the Procurement Agreement") (Doc. 34-1), and the "Organic Hard Red Wheat Whole Wheat Flour and Cracking Agreement" ("the Processing Agreement") (Doc 34-2).

MMI alleges that DKB/Flowers has "refused to accept and pay for the minimum volumes set forth in the agreements." (MMI's Statement of Undisputed Facts, Doc. 34 at 2.) MMI claims that DKB agreed in 2015 in the Procurement Agreement to purchase 56,600,000 pounds of organic hard red wheat, but only took 23,836,738 pounds, or 32,763,262 pounds less than it had agreed to take as of March 31, 2017. *Id.* DKB agreed in the Procurement Agreement to purchase 80,600,000 pounds in 2016, but only took 24,786,196 pounds, leaving a deficiency of 55,813,804 pounds as of March 31, 2017. *Id.* DKB agreed in the Procurement Agreement to purchase 94,800,000 pounds in 2017, but only took 7,664,220 pounds, leaving a deficiency of 86,335,780 pounds as of March 31, 2017. *Id.*

In 2015, DKB agreed in the Processing Agreement to accept 27,540,000 pounds of organic hard red wheat whole wheat flour and cracked wheat, but only took 23,836,738 pounds, leaving a deficiency of 3,703,262 pounds as of March 31, 2017. *Id.* DKB agreed in the Processing Agreement to accept 39,240,000 pounds in

2016, but only took 24,786,196 pounds, leaving a deficiency of 14,453,804 pounds as of March 31, 2017. *Id.* DKB agreed in the Processing Agreement to accept 46,140,000 pounds in 2017, but only took 7,664,220 pounds, leaving a deficiency of 38,475,780 pounds as of March 31, 2017.

Count I of the First Amended Complaint claims that DKB/Flowers breached the two written contracts. Count I further alleges that DKB/Flowers remains liable for all damages suffered by MMI arising from the breach. (Doc. 18 at 13.)

## II. LEGAL STANDARDS

A party may move for summary judgment on all claims or defenses, or a part of a claim or defense. Fed. R. Civ. P. 56(a). A court should grant summary judgment where the movant demonstrates that no genuine dispute exists "as to any material fact" and the movant should be "entitled to judgment as a matter of law." *Id.* This Court will grant summary judgment where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Courts rarely grant summary judgment grant where no discovery or exchange of documents has yet taken place. *Cf.* Fed. R. Civ. P. 56(d).

The Ninth Circuit long has recognized that summary judgment should be granted in contract cases "only if the contract or the contract provision in question is unambiguous," that is, not capable of more than one meaning or understanding.

3

*Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Argonaut Ins. Co.*, 701 F.2d 95, 97 (9th Cir. 1983) (quotations and citations omitted). "The rationale for the proposition is simple: ambiguity in a contract raises a question of intent, which is a question of fact precluding summary judgment." *Id.* Any uncertainty about the meaning of contractual provisions "is generally construed against the drafter." *Corp. Air v. Edwards Jet Ctr.*, 190 P.3d 1111, 1121 (Mont. 2008); *see also Hill v. Qwest*, 35 P.3d 1051, 1054 (Or. Ct. App. 2001).

### III. DISCUSSION

Material issues of fact exist in this case that preclude judgment as a matter of law at this time. Fed. R. Civ. P. 56(a). MMI asserts that the numbers listed in the contracts create specific requirements, but DKB/Flowers interprets them as estimates or goals. The Procurement Agreement states that the amount of acres "targeted" for the agreement "will be based on the organic wheat needs of DKB." (Doc. 34-1.) The Procurement Agreement further notes three different "Production Estimates and Contract Goals." *Id.*

DKB/Flowers argues that the contracts require that the amount of organic wheat procured and processed be based upon the projected needs of DKB. (Doc. 59 at 7, 19.) DKB and MMI communicated, before the planting of the 2016 wheat, about DKB's organic wheat requirements and the need to determine the number of acres that MMI had to contract to obtain the quantity of wheat to meet those

4

requirements for the three contract years. *Id.* at 18. The parties exchanged information regarding contracted acres and supply from these acres in the fall of each calendar year for production and planning purposes. *Id.* The parties appear not to have treated the annual wheat quantities as predetermined.

The language of the contracts, coupled with the parties' actions, illustrate the existence of genuine and material factual disputes related to the meaning of the agreements. *Id.* Genuine issues of material fact exist also as to the parties' performance under the contracts. *Id.* DKB/Flowers asserts that MMI never tendered the quantities of organic wheat or processed wheat products specified under the terms of the contracts. *Id.* The parties may narrow these disputes through the discovery process and reassert claims for summary judgment as appropriate.

## IV.  ORDER

Accordingly, IT IS ORDERED that MMI's motion for partial summary judgment on Count I of its Amended Complaint (Doc. 32) is DENIED at this time.

DATED this 9th day of June, 2017.

_____
Brian Morris
United States District Court Judge