# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| MONTANA MERCHANDISING, INC., d/b/a MONTANA MILLING, INC., HINEBAUCH GRAIN, INC., and OCC-O'CONNOR CROPS AND CATTLE, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVE'S KILLER BREAD, INC., GLENN DAHL, Individually and as Trustee of Glenn Dahl Family Trust, DAVID J. DAHL, Individually and as Trustee of the David Dahl Family Trust, SHOBI L. DAHL, Individually and as Trustee of the Shobi L. Dahl Family Trust, FLOWERS FOODS, INC., and GOODE PARTNERS, LLC,<br><br>Defendants. | **CV 17-26-GF-BMM**<br><br><br><br><br>**ORDER ON DEFENDANTS DKB/FLOWERS'S MOTION TO DISMISS** |

Defendants Dave's Killer Bread, Inc. ("DKB") and Flowers Foods, Inc. ("Flowers") move this Court to dismiss Counts III, IV, VII, VIII, and XI through XVI of Plaintiffs' Amended Complaint (Doc. 18) for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). (Doc. 51.)

1

## I.    BACKGROUND

Plaintiff Montana Merchandising, Inc. ("MMI") began negotiating with

Defendant Dave's Killer Bread ("DKB") in 2013 to provide DKB with millions of

pounds of organic wheat and milling services. (Doc. 18 at 8-10.) Based on those

negotiations, DKB and MMI entered into two written contracts in January 2014 for

the crop years 2014/2015, 2015/2016, and 2016/2017. *Id.* at 10. DKB and MMI

expressly contracted for MMI to procure for DKB's purchase up to DKB's

estimated needs of 56,600,000 pounds of wheat for crop year 2014/2015,

80,600,000 pounds of wheat for crop year 2015/2016, and 94,800,000 pounds of

wheat for crop year for 2016/2017. *Id.* DKB and MMI also expressly contracted

for DKB to purchase minimum milling volumes of wheat in the amounts of 27.54

million pounds in crop year 2014/2015, 39.24 million pounds in crop year

2015/2016, and 46.14 million pounds in crop year 2016/2017. *Id.*

Separate from these written agreements, Plaintiffs allege that DKB and other

non-parties to the contracts (Defendants David, Glenn, and Shobi Dahl

(collectively, "the Dahl Defendants"), former owners of DKB, and Goode Partners,

LLC, ("Goode"), an apparent manager of numerous private equity funds), made a

series of promises through their agent Ron Milio to MMI and the Montana farmers.

*Id.* at 3-6, 8. The Court expects the parties will clarify the exact ownership

structure of DKB, and Goode's role, through further discovery.

Flowers acquired DKB in August 2015. *Id.* at 7. Plaintiffs allege that, following the sale, DKB, Flowers, the Dahl Defendants, and Goode "decided to renege on the promises" and "refused to accept the organic wheat" that they had previously agreed to accept. *Id.* at 12. According to Plaintiffs, this refusal to accept the organic wheat has caused them to suffer damages. *Id.* at 12-13.

Plaintiffs MMI, Hinebauch Grain, Inc. ("Hinebauch"), and OCC-O'Connor Crops and Cattle, LLC ("OCC") filed their First Amended Complaint on April 10, 2017 (Doc. 18). The Complaint includes 16 counts. DKB/Flowers first seeks to dismiss those counts that allege promissory estoppel. These include Count III, MMI's claim for the four crop years of 2017/2018, 2018/2019, 2019/2020, and 2020/2021; Count IV, MMI's claim for the crop years beyond 2021; and Hinebach's (Count XI) and OCC's (Count XII) claims against all defendants. DKB/Flowers next seeks to dismiss the counts of constructive fraud against all defendants asserted by MMI (Count VII), Hinebach (Count XIII), and OCC (Count XIV). DKB/Flowers finally seeks to dismiss the counts of deceit against all defendants asserted by MMI (Count VIII), Hinebach (Count XV), and OCC (Count XVI).

## II.    LEGAL STANDARDS

The Court may dismiss a complaint if it fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must contain "a short

and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint need not include "detailed factual allegations" to survive a Rule 12(b)(6) motion for dismissal. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A "facially plausible" complaint pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

The Court must consider all allegations of material fact as true and construe these allegations in a light most favorable to the plaintiff. *Cahill v. Liberty Mut. Ins. Co*, 80 F.3d 336, 338 (9th Cir. 1996). To be entitled to the presumption of truth, "allegations in a complaint . . . may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Star v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The factual allegations that are taken as true "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

## A. Promissory Estoppel

The Court reviews the adequacy of Plaintiffs' promissory estoppel claims pursuant to Montana law. A promissory estoppel claim in Montana requires four

elements: (1) "a clear and unambiguous promise;" (2) "reliance by the promise;" (3) "reasonableness and foreseeability of the reliance;" and (4) "resulting injury to the promisee." *S & P Brake Supply, Inc. v. STEMCO LP*, 385 P.3d 567, 576 (Mont. 2016).

## B. Fraud

Fed. R. Civ. P. 9(b) requires that a party alleging fraud or mistake "must state with particularity the circumstances constituting fraud or mistake." The rule further states that "[m]alice, intent, knowledge, and other conditions of a person's mind maybe alleged generally." Fed. R. Civ. P. 9(b). Rule 9(b) requires that the circumstances constituting the alleged fraud "be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (citation and quotations omitted). To meet Rule 9(b)'s requirements, a complaint must "identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (citation and quotation omitted).

## C. Constructive Fraud

Constructive fraud under Montana law consists of "any breach of duty that, without an actually fraudulent intent, gains an advantage to the person in fault."

Mont. Code Ann. § 28-2-406(1). This conduct includes "misleading another person to that person's prejudice." *Id.* In the alternative, constructive fraud involves "any act or omission that the law especially declares to be fraudulent, without respect to actual fraud." Mont. Code Ann. § 28-2-406(2).

A plaintiff must establish the following elements to make out a prima facie case of constructive fraud under Montana law: (1) "a representation;" (2) "the falsity of that representation;" (3) "the materiality of that representation;" (4) "the speaker's knowledge of that representation's falsity or ignorance of its truth;" (5) "the hearer's ignorance of that representation's falsity;" (6) "the hearer's reliance upon the truth of that representation;" (7) "the hearer's right to rely upon that representation;" and (8) "the hearer's consequent and proximate injury or damage caused by reliance on that representation." *Dewey v. Stringer*, 325 P.3d 1236, 1240 (Mont. 2014) (citations omitted).

## D. Deceit

Montana's deceit statute provides that "[o]ne who willfully deceives another with intent to induce that person to alter the person's position to the person's injury or risk is liable for any damage that the person suffers." Mont. Code Ann. § 27-1-712(1). One commits deceit by either: (a) suggesting "as a fact [a falsity] by one who does not believe it to be true;" (b) asserting the truth of something "by one who has no reasonable ground for believing it to be true;" (c) suppressing "a fact

6

by one who is bound to disclose it or who gives information of other facts that are likely to mislead for want of communication of that fact;" or (d) "a promise made without any intention of performing it." Mont. Code Ann. § 27-1-712(2).

## III.   DISCUSSION

DKB/Flowers argues that Plaintiffs' promissory estoppel claims fail as a matter of law due to Plaintiffs' failure to plead a clear and unambiguous promise, reliance, reasonableness, or injury with sufficient factual assertions to state plausible claims. DKB/Flowers alleges that Plaintiffs' fraud and deceit claims likewise fail as a matter of law because they lack the degree of specificity required by the Federal Rules. *See* Fed. R. Civ. P. 9(b).

### A. Promissory Estoppel Claims (Counts III, IV, XI, and XII)

DKB/Flowers argues that Plaintiffs' promissory estoppel claims contained in Counts II, IV, XI, and XII simply constitute conclusory allegations of "clear and unambiguous" promises that lack specificity. (Doc. 52 at 13.) DKB/Flowers also argues that the claims simply recite the elements of reliance, reasonableness, and injury.  (*See* Doc. 18 at ¶¶ 44, 69, and 72.)

The Amended Complaint plausibly sets forth the alleged promises in ¶¶ 8, 11, 12, 41, 42 and 44. All the promissory estoppel claims also incorporate the general allegations contained in ¶¶ 1-34. (Doc. 18.) Plaintiffs allege that Milio, on behalf of the others, made clear and unambiguous promises in the written contracts

to accept the wheat, and to accept the wheat in the four years following the period of the written contracts.

Plaintiffs further allege that DKB/Flowers now refuses to accept the wheat. MMI asserts that it relied on the promises "by entering into contracts with farmers and spending over $4 million building a milling plant–all based on the express promises of Milio on behalf of the others." (Doc. 57 at 14.) O'Connor and Hinebauch contend that they relied on the promises and "incurred massive costs to ready their land to produce organic wheat." *Id.* Plaintiffs assert that they relied upon Milio's promises, that such reliance was reasonable and foreseeable, and "and clearly resulted in injury to the Plaintiffs, who are now holding organic wheat that was produced because of Milio's promises and which Milio, Tucker and the Defendants refuse to accept." *Id.*

The Court agrees that Plaintiffs' allegations, taken as true, "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and "plausibly suggest an entitlement to relief" *Star*, 652 F.3d at 1216.

### B. Constructive Fraud Claims (Counts VII, XIII, and XIV) and Deceit Claims (Counts VIII, XV, and XVI)

DKB/ Flowers argues that Plaintiffs' allegations of constructive fraud and deceit fail to satisfy the heightened pleading standard imposed by the Federal Rules. *See* Fed. R. Civ. P. 9(b); *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097,

1103 (9th Cir. 2003) (confirming that 9(b)'s particularity requirement applies to state-law causes of action); *Pfau v. Mortenson*, 858 F. Supp. 2d 1150, 1158 (D. Mont. 2012) ("Deceit is essentially grounded in fraud, therefore, Rule 9(b)'s heightened pleading standard applies" (citing *Vess*, 317 F.3d at 1103-05)), *aff'd*, 542 F. App'x 557 (9th Cir. 2013).)

Plaintiffs argue that the Amended Complaint clearly sets out the "who, what, when, where, and how" of its allegations of fraud and deceit. *Salameh*, 726 F.3d at 1133. Plaintiffs point to ¶ 54 of the Amended Complaint which alleges the falseness of the statements and the fraud. Ron Milio constitutes the "who." Milio's false promises to buy the wheat constitute the "what." The dates of October 2013, December 2013, August 2014, December 2014, and June 2015 are the "when." The cities of Kalispell and Great Falls, Montana, Calgary, Alberta, Canada, and four different Montana wheat farms constitute the "where." The Amended Complaint explains the "how" by describing that "Milio made these false promises so that MMI would build a new milling facility and the farmers would expend vast amounts of money, time and effort over three years to qualify their ground to raise organic wheat." (Doc. 57 at 13.)

Plaintiffs have met the heightened pleading standard imposed by Fed. R. Civ. P. 9(b). Plaintiffs' allegations, taken as true, "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself

9

effectively," and "plausibly suggest an entitlement to relief" *Star*, 652 F.3d at 1216.

## IV.    ORDER

Accordingly, IT IS ORDERED that Defendants' motion to dismiss for failure to state a claim (Doc. 51) is DENIED.

DATED this 9th day of June, 2017.

Brian Morris
United States District Court Judge